IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Misty Marie Washington (#2016-1229092), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 3581 |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| Cook County Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's amended complaint may proceed against Cook County Sheriff Tom Dart. The Clerk of Court shall: (1) file the amended complaint [7], (2) issue summons for its service on Sheriff Dart, and (3) mail Plaintiff a blank USM-285 service form, a magistrate judge consent form, filing instructions, and a copy of this order. The U.S. Marshal is appointed to serve Defendant, but will not do so until a completed service form is received. Plaintiff should complete and return the service form to the Court within 35 days of this order. Her failure to comply may result in the dismissal of an unserved Defendant, as well as dismissal of this case for failing to prosecute. Plaintiff's motion for attorney representation [8] is denied without prejudice.

## STATEMENT

Plaintiff Misty Marie Washington, currently confined at the Cook County Jail and proceeding *pro se*, has submitted an amended complaint in accordance with the Court's prior order. Similar to the original complaint, her amended complaint alleges that she has been exposed to excessive mold in the living area, the showers, and her cell. [7], p. 4. She states that mold causes her to experience nose bleeds "all the time," shortness of breath, sneezing, and headaches. She further complains of a lack of heat, a bad mattress, and a roach and rodent infestation with "no pest control." (*Id.*)

As noted in its previous order, 28 U.S.C. § 1915A requires the Court to screen complaints filed by prisoners and dismiss the complaint, or any claim therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). When reviewing the sufficiency of a complaint under federal notice-pleading requirements, courts "accept the well-pleaded facts in the complaint as true," *Alam v. Miller Brewing Co.*, 709 F.3d

662, 665-66 (7th Cir. 2013), "draw all reasonable inferences from those facts in favor of the plaintiff," *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), and construe pro se complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff's amended complaint's allegations, though providing only slightly more information than her original complaint, sufficiently state a colorable claim. Jail officials may not act with deliberate indifference to adverse living conditions that pose a substantial risk of harm to pretrial detainees. To assert this claim, an inmate must allege facts indicating both that: (1) her living conditions were so adverse that they deprived her "of the minimal civilized measure of life's necessities" (the claim's objective prong), and (2) the defendant acted with deliberate indifference to the conditions (the claim's subjective prong). *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)).

As to the claim's objective element, "[t]he Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Inmates must receive "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir.1987). Furthermore, some living conditions together may amount to a constitutional violation "when each alone would not," and other conditions that may not be sufficiently serious for a short period of time, can become a violation "if endured over a significant time." *Gray*, 826 F.3d at 1005. Following these standards, "allegations of exposure to mold, along with overcrowding, lack of adequate beds, broken windows, cracked toilets, a broken heating and cooling system, and denial of adequate recreation" have been found to state a claim of unconstitutional living conditions. *Smith v. Bond County Jail*, No. 17-CV-006-JPG, 2017 WL 1035753, at *3 (S.D. Ill. Mar. 17, 2017) (citing *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)).

Plaintiff's allegations of excessive mold, a pest infestation, inadequate bedding, and a lack of heat suffice at this stage of the case. Although Plaintiff still provides no information as to how long she endured these conditions, jail records indicate that she has been incarcerated since the end of December of 2016, and an inference exists that she has endured these conditions for at least several months. The conditions she describes suffice to support the objective element of her claim.

With respect to the subjective prong of her deliberate indifference claim, Plaintiff does not allege whether Sheriff Dart was personally aware of the adverse conditions. But, "the personal involvement of senior jail officials, such as Dart, can be inferred . . . where, as here, the plaintiff alleges 'potentially systemic,' as opposed to 'clearly localized,' constitutional violations." *Smith v. Dart*, 803 F.3d 304, 310 n.2 (7th Cir. 2015) (quoting *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996)).

2

The conditions Plaintiff describes appear potentially systemic. The amended complaint may thus proceed against Sheriff Dart.

The Court directs the Clerk of Court to issue summons for service of the complaint on Sheriff Dart. The Clerk of Court is directed to mail Plaintiff a blank USM-285 (U.S. Marshals service) form. The Court advises Plaintiff that a completed USM-285 form is required. The U.S. Marshal will not attempt service on Defendant unless and until the required form is received. Plaintiff must therefore complete and return a service form for Defendant within the time provided in the Order section above. Her failure to submit a completed service form may result in the dismissal of this case for lack of prosecution.

The U.S. Marshals Service is appointed to serve Defendant Dart. The Court directs the Marshal to make all reasonable efforts to serve Defendant. The Marshal is authorized to send a request for waiver of service to Defendant in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. She must also send an exact copy of her filings to Defendant, or to his attorney if one has entered an appearance, and her filings must include a certificate of service stating the date and to whom the pleading was sent. Any letters or other documents that are sent directly to the judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for attorney representation is denied. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). The Court, however, has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court engages in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on her own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter herself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but also on her ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

In her current motion, Plaintiff still does not indicate that she contacted or was prevented from contacting any law firms or legal organizations. *See* [8]. She has not met the first requirement for recruiting counsel. *See Pruitt*, 503 F.3d at 654. Nor

3

is this case, at the present time, overly complex. The claims Plaintiff asserts—that she endured unconstitutional living conditions at the jail—appear straightforward. This case is in its very early stages, no defendant has been served, and no discovery is being conducted. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (observing that representation by an attorney is often unnecessary at the early stages of a case and also that it is difficult to make an accurate determination regarding a plaintiff's ability to litigate when a case is still in "its infancy"). Plaintiff's pleadings thus far, though not always providing sufficient information for federal notice-pleadings standards, are clear enough to demonstrate that she has the ability to communicate her litigation needs to the Court. For all of these reasons, recruiting an attorney does not appear warranted at this time. If this case reaches a point where recruitment of counsel is appropriate, Plaintiff may repeat her request and the Court will again consider whether to recruit counsel.

Dated: July 18, 2017

ENTERED:

_____
John Robert Blakey
United States District Judge